UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUBLE SIX SALOON, INC., et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 4:10-CV-556 (CEJ) |
| CITY OF PACIFIC, MISSOURI, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand this matter to the Circuit Court of Franklin County, Missouri, from which it was removed. Defendant opposes the motion and the issues are fully briefed.

Plaintiffs initiated this action for declaratory and injunctive relief in the Circuit Court of Franklin County on March 5, 2010. The complaint seeks "to prevent violations of plaintiffs' rights, privileges, and immunities under the Constitution of the United States (U.S. Const. amend. XIV) and Constitution of the State of Missouri." Specifically, plaintiffs claim that defendant's law enforcement officers exercised broad and arbitrary discretion in interpreting and enforcing rules and regulations against liquor license establishments, including plaintiff Double Six Saloon. Plaintiffs allege that, through their arbitrary and unreasonable actions, the officers are effectively putting these establishments out of business. Plaintiffs claim that "the rights sought to be protected in this cause of action arise and are secured under the Fifth and Fourteenth Amendments to the United States Constitution and various federal statutes and Articles I and II of the Missouri Constitution.

Defendant removed the action to this Court, asserting federal question jurisdiction. In their motion to remand, plaintiffs state that the references in the

complaint to federal statutes and the United States Constitution were made merely "in passing." Plaintiffs deny that their claim for relief is based on federal law.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Neither party alleges that diversity of citizenship is present in this matter. Thus, in order for subject-matter jurisdiction to exist, a federal question must be presented in the complaint. "[T]he well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). A federal question is present in those cases in which "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co. 80 F.3d 257, 260 (8th Cir. 1996).

In support of its contention that federal question jurisdiction exists, defendant points out that the complaint specifically refers to the United States Constitution on several occasions. Plaintiffs respond that the references the United States Constitution were made in passing and are insufficient to invoke federal question jurisdiction. Plaintiffs cite to the decision in Julien v. Meyers, 2009 WL 1382953 at *1 (E.D. Mo. 2009).

In Julien, the court found that a negligence claim did not raise federal question jurisdiction, even though the complaint included a reference to the United States Constitution. The relevant paragraph of the complaint stated as follows:

> By arresting and/or confining plaintiff without probable cause and without the issuance of a warrant, defendant…violated Amendments IV and V to the Bill of Rights of the United States Constitution, and related laws of the State of Missouri.

The court found that, despite the complaint's explicit reference to the Fourth and Fifth Amendments of the United States Constitution, the negligence per se claim being presented was purely a state law claim that did not depend on the resolution of a substantial question of federal law. The court found that plaintiff "expressly pleaded the elements of state common law claims in his petition, and did not plead federal causes of action." Id. at *4.

As the court found in Julien, "vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." Id. at *4. However, unlike the situation in Julien, the complaint in this matter expressly raises a federal cause of action. The basis of plaintiff's claim for declaratory judgment is that the actions taken by defendant violated plaintiffs' due process rights under both the federal and state constitutions. Thus, this case is easily distinguishable from Julien, in which the plaintiff asserted a state common law negligence claim. Here, plaintiffs claim for relief is dependent upon their due process claim. The plaintiffs specifically allege in the complaint that "[t]he rights sought to be protected in this cause of action arise and are secured under the Fifth and Fourteenth Amendments to the United States Constitution."[1] This is not, as plaintiffs contend, merely a passing reference to federal law. Instead, plaintiffs' claims are based explicitly on federal law.

Additional language in the complaint underscores this point. In paragraph 6, plaintiffs state, unequivocally, that "[t]his petition seeks declaratory and injunctive relief to prevent violations of plaintiffs' rights, privileges and immunities under the

---

[1] It is noteworthy that the language used in the petition fairly mirrors the language used in the statute defining federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions *arising under* the Constitution")(emphasis added).

−3−

Constitution of the United States (U.S. Const. amend. XIV) . . ." In paragraph 45, plaintiffs state that the arbitrary and capricious actions of defendant's law enforcement officials constitute "a denial of rights guaranteed by the Constitution of the United States (U.S. Const. amend. XIV). . ."

Because a federal question is present in this matter, and the matter was properly removed, the Court is required to deny plaintiffs' motion to remand. See <u>Gaming Corp. of America v. Dorsey & Whitney</u>, 88 F.3d 536, 542 (8th Cir. 1996)(district court has no discretion to remand a properly removed matter involving a federal question).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion [#6] to remand is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs shall have **fifteen days** from the date of this order to file their response to defendant's motion to dismiss and for summary judgment. Any reply by the defendant will be due **five days** after the response is filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2010.