UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUBLE SIX SALOON, INC., et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:10-CV-556 (CEJ) |
| CITY OF PACIFIC, MISSOURI, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss and for summary judgment. The plaintiffs oppose the motion, and the issues are fully briefed.

### I. Background

Plaintiffs Richard S. Stephens and Double Six Saloon, Inc., operate a licensed liquor establishment in Pacific, Missouri. In their complaint, plaintiffs allege that the defendant's law enforcement personnel have exercised arbitrary discretion in interpreting and enforcing State regulations that authorize cities to regulate and license the sale of liquor. Plaintiffs contend that because of the manner in which the regulations are interpreted and enforced, their liquor license may be subject to suspension or revocation. Further, plaintiffs allege that it is the defendant's intention to put plaintiff's establishment out of business, and they anticipate that defendants will take action to impede or prohibit plaintiffs from maintaining or renewing their liquor license. Plaintiffs assert that they have been deprived of their rights to due process, in violation of the United States Constitution and the Missouri Constitution. They seek declaratory and injunctive relief.

### II. Legal Standard

The defendant moves to dismiss the complaint for failure to state a claim. The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III. Discussion

The possession of a protected life, liberty, or property interest is a "condition precedent" to the government's obligation to provide due process of law, and where no such interest exists, there is no due process violation. Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1988); Zenco Dev. v. City of Overland, 843 F.2d 1117, 1118 (8th Cir. 1988) ("A discussion of whether a party has a right to procedural due process must start with the question of whether the party has a property interest in the thing taken away."). Protected interests are created and their dimensions are defined not by the Constitution but by an independent source,

such as state or federal law. Movers Warehouse, 71 F.3d at 718 (citing Craft v. Wipf, 836 F.2d 412, 416 (8th Cir. 1987)); Zenco Dev. Corp., 843 F.2d at 1118. When the assertedly protected interest is a grant of a benefit or privilege from the government, a person "must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it." Id. (citing Craft, 836 F.2d at 416). To prevail in an action asserting denial of due process, a plaintiff must establish that he has been deprived of a constitutionally protected property or liberty interest. Shaw v. Phelps County Regional Medical Center, 858 F.Supp. 954, 957 (E.D. Mo. 1994)(citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-71 (1972)).

Plaintiffs' complaint contains no allegations of a property interest that is entitled to constitutional protection. Missouri courts have held that, "no protectable property interest exists in the renewal of a municipal liquor license." Zenco, 843 F.2d at 1118 (citing State ex rel. Garrett v. Randall, 527 S.W.2d 366 (Mo.1975)). Therefore, plaintiffs' liquor license cannot form the basis for any allegation of a protected property interest. Further, even if a property interest were alleged, there is no allegation that any deprivation has in fact occurred or is imminent. Plaintiffs allege that only the possibility that their business and their liquor license could be adversely affected by the arbitrary manner in which defendant's law enforcement officers interpret and enforce the regulations.

For the reasons discussed above, the Court concludes that the complaint fails to allege facts that would entitle plaintiffs to the relief they seek.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant City of Pacific to dismiss the complaint for failure to state a claim is **granted**.

**IT IS FURTHERED ORDERED** that all other motions in this action are **denied** as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.