UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOUBLE SIX SALOON, INC., et al.,   )
                                   )
         Plaintiffs,               )
                                   )
    vs.                            )   No. 4:10-CV-556 (CEJ)
                                   )
CITY OF PACIFIC, MISSOURI,         )
                                   )
         Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for reconsideration of the order dated October 22, 2010, dismissing the complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

### I. Background

Plaintiffs Richard S. Stephens and Double Six Saloon, Inc., operate a licensed liquor establishment in Pacific, Missouri. On March 5, 2010, plaintiffs filed an action in the Franklin County Circuit Court for declaratory judgment and injunctive relief. The action was removed to this Court. In their complaint, plaintiffs alleged that the defendant's law enforcement personnel exercised broad and arbitrary discretion in interpreting and enforcing rules and regulations against liquor license establishments, including plaintiff Double Six. Plaintiffs alleged that, through its arbitrary and unreasonable discretion, the defendant targeted plaintiffs in an attempt to put their establishment out of business. Plaintiffs claimed that these actions violated their due process rights under the United States Constitution and the Missouri Constitution.

On October 22, 2010, the Court dismissed the complaint for failure to state a claim, after finding that the complaint contained no allegations of property interest

entitled to constitutional protection under the United States Constitution. Plaintiffs now move for reconsideration of that order.

## II. Legal Standard

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). The motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care v. P.T.-O.T. Associates, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). "A district court has broad discretion in determining whether to grant a motion to alter or amend judgment." Hagerman, 839 F.2d at 413.

## III. Discussion

In their motion, plaintiffs first contend that the Court failed to address their state law claims prior to dismissing the complaint. Plaintiffs ask that their state law claims be remanded or, in the alternative, that they be granted leave to amend their complaint. If the case is to be dismissed, however, plaintiffs ask, as a further alternative, that the dismissal be without prejudice

In its memorandum and order, the Court did not address plaintiffs' state law claims nor did it specify whether plaintiffs' claims were to be dismissed with or without prejudice. Therefore, the Court will reconsider the dismissal in order to address these omissions.

A party typically has no absolute right to have his state-law claim tried in federal court. See Kuhn v. National Ass'n of Letter Carriers, Branch 528, F.2d 767, 771 (8th Cir. 1976). However, when a federal court has original jurisdiction over a claim that

raises a federal question, 28 U.S.C. § 1367 provides for the mandatory exercise of supplemental jurisdiction over pendant state-law claims that form part of the same case or controversy as the federal claim. See 28 U.S.C. § 1367(a). Upon determination that a plaintiff's federal claims fail under Rule 12(b)(6), federal courts have broad discretion to dismiss plaintiff's attendant state law claims. See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008); Willman v. Heartland Hospital East, 34 F.3d 605, 613 (8th Cir.1994).

Here, the Court dismissed plaintiffs' federal due process claim for failure to state a claim under 12(b)(6). Because the claim over which this Court had original jurisdiction has now been dismissed, the Court, in its discretion, will also dismiss plaintiffs' state law claims for lack of subject matter jurisdiction. Although plaintiffs request remand to state court, the Court finds it more appropriate to dismiss plaintiffs' pendent state law claims. See Carnegie-Mellon University v. CoHill, 484 U.S. 343, 352-353 (1988)( holding that federal courts have wide discretion in determining whether to dismiss or remand pendent state law claims when the exercise of pendent jurisdiction is inappropriate.) A remand is generally preferable to a dismissal when it "best promote[s] the values of economy, convenience, fairness, and comity." Id. at 353. The Court does not believe that in this instance a remand will better serve these values.

Having dismissed plaintiffs' state law claims, the next issue is whether such claims should be dismissed with or without prejudice. A dismissal for lack of jurisdiction does not operate as an adjudication on the merits and is therefore without prejudice. Fed. R. Civ. P. 41(b). Because the Court declines to exercise jurisdiction over the pendent state law claims, their dismissal is without prejudice. See Labickas

v. Ark. State Univ 78 F.3d, 333, 334-35 (8th Cir. 1996)( holding that state law claims over which district court declined to exercise pendent jurisdiction were dismissed without prejudice).

Finally, plaintiffs did not seek leave to amend their complaint in response to the motion to dismiss. Because plaintiffs have not submitted a proposed amended complaint that addresses the deficiencies of the original complaint, the Court cannot determine whether any amendment would be futile. Therefore, plaintiffs will not be permitted to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration [#23] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' requests for remand and for leave to amend the complaint are **denied**.

A separate order of dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2011.